UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MATTHEW CHASE TAYLOR | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | § CIVIL ACTION NO. 17-207 |
| | § |
| GENERAL MOTORS LLC, | § |
| | § |
| *Defendant*. | § |

## GENERAL MOTORS LLC'S NOTICE OF REMOVAL

Defendant General Motors LLC ("New GM") removes this action from the Avery County, North Carolina General Court of Justice to the United States District Court for the Western District of North Carolina, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1452, and Bankruptcy Rule 9027, and based on the following facts:

## BACKGROUND

1. On June 30, 2017, New GM was served with a Summons and Complaint in an action styled *Matthew Chase Taylor v. General Motors LLC*, Case No. 17-CVS-161, filed June 28, 2017 in the Avery County, North Carolina General Court of Justice (the "Action").

2. This Action arises out of an alleged incident involving a 2004 Cadillac CTS ("Subject Vehicle"). Compl. ¶¶ 95, 97. The Complaint alleges that Plaintiff Matthew Chase Taylor was driving the Subject Vehicle when he "lost control in a curve of a highway and ran off the side of the roadway." *Id.* ¶ 99. "Plaintiff's vehicle then overturned and rolled down an embankment colliding with several trees and a fence." *Id.* ¶ 101. The Complaint states that the Subject Vehicle's airbags failed to deploy, and that it was "found in the field without its headlights on." *Id.* ¶¶ 103-104. Plaintiff's claim that the CTS was subject to a recall entitled

1

"unintended ignition key rotation," and that Defendant failed to "provide appropriate notice of and repair procedures for the ignition switch defect in Plaintiff's vehicle." *Id.* ¶¶ 107-108, 129.

3.   Plaintiff seeks damages under theories of (1) negligence, (2) fraud, (3) violations of N.C. Gen. Stat. § 75-1.1, (4) product liability, and (5) breach of warranty. *Id*. ¶¶ 115-157, 163-171. Plaintiff also seeks punitive damages. *Id*. ¶¶ 158-162.

4.   On March 25, 2014, the Judicial Panel on Multidistrict Litigation ("JPML") established MDL 2543, *In re: General Motors LLC Ignition Switch Litigation*. Subsequently, on June 9, 2014, the JPML designated the United States District Court for the Southern District of New York as the MDL Court and assigned the Honorable Jesse M. Furman to conduct coordinated or consolidated proceedings in the Ignition Switch Actions. *In re Gen. Motors LLC Ignition Switch Litig.*, MDL No. 2543, ECF No. 266 (J.P.M.L. June 9, 2014), attached as Exhibit A. The JPML transferred an initial group of fifteen actions pending in six federal districts to the Southern District of New York after concluding that it was "undisputed" that cases alleging a defect in the vehicle ignition switch of certain New GM vehicles satisfied the requirements for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. *Id.* at 2.

5.   This Action is one of more than 315 actions (the "Ignition Switch Actions") filed in, or removed to, federal court since February 2014 that assert factual allegations involving defective ignition switches and/or inadvertent key rotation, including in Cadillac CTS vehicles. The Ignition Switch Actions have been brought in at least 38 federal district courts, including in Alabama, Arizona, Arkansas, California, Colorado, the District of Columbia, Florida, Georgia, Illinois, Indiana, Kentucky, Louisiana, Massachusetts, Michigan, Mississippi, Missouri, New Jersey, New York, Ohio, Oklahoma, Pennsylvania, and Texas. *See generally* MDL No. 2543;

*e.g.* ECF Nos. 358, 840, and 1006, attached as <u>Exhibit B</u>; *Fleck v. Gen. Motors LLC*, 14-08176 (S.D.N.Y.) (involving more than 300 personal injury plaintiffs allegedly involved in accidents in various model vehicles, including the Cadillac CTS); *Morgan, et. al. v. Gen. Motors LLC*, 15-cv-2844 (E.D. Ky.) (alleging personal injury claims related to Cadillac CTS vehicles, among others); *Altebaumer, et. al. v. Gen. Motors LLC*, 15-cv-4142 (S.D.N.Y.) (alleging personal injury claims related to a Cadillac CTS vehicle, among others).

6. As soon as the Clerk assigns this case a docket number, New GM will notify the JPML that this case is a tag-along action pursuant to Panel Rule 7.1. Because the ignition switch allegations in this case share "one or more common questions of fact" with the other Ignition Switch Actions, this case is appropriate for MDL transfer and consolidation with the other Ignition Switch Actions pending in the Southern District of New York. *See* 28 U.S.C. § 1407(a).

## BASIS FOR REMOVAL: DIVERSITY OF CITIZENSHIP

7. This Action is removable to this Court under 28 U.S.C. § 1441 because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(3), based on diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs.

8. Complete diversity of citizenship exists because:

   a. At the time of the filing of this suit, Plaintiff Matthew Chase Taylor was a resident, domiciliary, and citizen of the State of North Carolina. Compl. ¶ 1.

   b. New GM is not a citizen of North Carolina. New GM is, and was at the time this lawsuit was filed, a Delaware limited liability company with its principal place of business in Michigan. New GM is 100 percent owned by General Motors Holdings LLC, which is also a Delaware limited liability company with its principal place of business in Michigan. General Motors Holdings LLC, in turn, is 100 percent owned by General Motors Company, a corporation organized under the laws of Delaware with its principal place of business in Michigan.

3

9. Thus, as no defendant is a citizen of the same state as Plaintiff, there is complete diversity between the parties.

10. In the context of removal, "the amount specified in the complaint will determine whether the jurisdiction amount is satisfied for purposes of removal." *Bennett v. Segway, Inc.*, No. 1:11cv09, 2011 WL 3667287, *2 (W.D.N.C. Aug. 22, 2011) (quoting *Bartinowski v. NVR, Inc.*, 307 Fed. Appx. 730, 734 (4th Cir. 2009)). However, "[i]n cases where jurisdiction is predicated on diversity of citizenship and where a complaint does not allege a specific amount of damages but instead seeks damages "in excess" of a certain dollar figure, the party asserting jurisdiction exists must prove by the preponderance of the evidence that the amount in controversy requirement has been met." *Pigg v. Progressive Cas. Inc. Co.*, No. 3:06 CV 125-H, 2006 WL 1789145, *3 (W.D.N.C. June 27, 2006) (citing *Accord Momin v. Maggiemoo's Intern. L.L.C.,* 205 F. Supp. 2d 506, 509 (D. Md. June 12, 2002)). Until jurisdiction becomes certain, "the court may consider any evidence of the amount in controversy." *Gwyn v. Wal-Mart Stores, Inc.*, 955 F. Supp. 44, 46 (M.D.N.C. Jan. 30, 1996)

11. Although Plaintiff seeks an unspecified amount of damages, it is evident from the face of the Complaint that the amount in controversy in this Action exceeds $75,000, exclusive of interest and costs. *See Rota v. Consolidation Coal Co.*, 175 F.3d 1016 (Table) (4th Cir. 1999) (court affirmed district court's order denying remand where plaintiff sought lost wages and compensation for a permanent liver injury, but gave no specific damage figure); *Costin v. Ally Bank Corp.*, No. 7:13-CV-113-BO, 2013 WL 4828576 (E.D.N.C. Sep. 10, 2013) (amount in controversy satisfied where complaint did not specify the amount of damages sought, and plaintiff alleged damages from the negligent infliction of emotional distress and compensation for medical expenses and mental suffering); *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-cv-

01739-JMC, 2011 WL 494395 (D.S.C. Feb. 4, 2011) (removal held to be proper in a slip and fall case, where plaintiff sought damages for past and present medical expenses, past, present, and future physical pain and suffering, and emotional and mental pain and suffering); *Stewart v. AT & T Mobility LLC*, No. 3:10-3083-CMC-JRM, 2011 WL 3626654 (D.S.C. July 21, 2011) (remand denied where plaintiff stated he "had no idea how much" was at stake, and claimed permanent injuries to the nerves and other tissues on the left side of his head, neck, and throat).

12. Here, the Complaint states that Plaintiff "suffered serious, severe and permanent injuries, including, but not limited to, a severe head injury, a severed ear, a fractured hip, and fractured arms." Compl. ¶ 105. Plaintiff seeks damages for "medical service and medical related expenses, emotional distress, physical pain, permanent physical injury, permanent impairment, loss of liberty, and all other ordinary, incidental and consequential damages as would be anticipated to arise under the circumstances." *Id.* ¶ 172.

13. Plaintiff additionally alleges violations of N.C. Gen. Stat. § 75-1.1 (North Carolina's Unfair and Deceptive Trade Practices Act) and claims damages in excess of $25,000. *Id.* ¶¶ 153-157. Pursuant to N.C. Gen. Stat. § 75-16, Plaintiff also claims he is entitled to treble damages. *Id.* In total, Plaintiff's allegations in this count alone conclusively place in controversy a sum exceeding $75,000. *See Larsen v. Assurant, Inc.*, No. 3:09-CV-00038, 2009 WL 1676993, *1 (W.D.N.C. June 16, 2009) (remand denied where plaintiff sought $23,000 in compensatory damages, treble damages, and attorney's fees under N.C.G.S. § 75-16); *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (notice of removal "need include only a plausible allegation that the amount in controversy exceeds the [$75,000] jurisdictional threshold").

14. Plaintiff also seeks punitive damages. *Id.* ¶¶ 158-162. "[W]hen a claim includes compensatory and punitive damages, both must be considered in determining the amount in controversy." *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238 (1943) (both compensatory and punitive damages "must be considered to the extent claimed in determining jurisdictional amount"); *Williams v. Meyer*, No. 1:06CV00238, 2006 WL 2569089 (M.D.N.C. Aug. 30, 2006) (court denied remand and held the jurisdictional amount was established, where plaintiff sought $4,500 in medical expenses, $15,000 for pain and suffering, and punitive damages that could not exceed three times compensatory damages or $250,000); *Woodward v. Newcourt Comm. Fin. Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999) (holding that "[plaintiff's] claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount").

15. Given the nature of Plaintiff's alleged injuries and the demand for general damages, special damages, including punitive damages, incidental damages, and consequential damages, it is apparent from the face of the Complaint that the amount in controversy requirement for removal is satisfied. *See Wiggins v. North Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981) (finding that it must appear to a legal certainty that the plaintiff cannot recover the jurisdictional amount before the case will be dismissed for want of jurisdiction).

16. Therefore, this action is one that may be removed to this Court by New GM pursuant to 28 U.S.C. § 1441 as all of the requirements for removal under 28 U.S.C. §§ 1332 and 1441 are satisfied.

### **BASIS FOR REMOVAL: BANKRUPTCY JURISDICTION**

17. This Action is properly removable because it is a civil proceeding that (i) arises

under 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"); (ii) arises in a case under the Bankruptcy Code; and/or (iii) is related to a case under the Bankruptcy Code. This Court thus has jurisdiction pursuant to 28 U.S.C. §§ 157(b), 1331, and 1334(b), and removal to this Court is proper under 28 U.S.C. §§ 1452(a), as well as Rule 9027 of the Federal Rules of Bankruptcy Procedure.

18. On June 1, 2009, Motors Liquidation Company, f/k/a General Motors Corporation ("Old GM") filed a petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York ("New York Bankruptcy Court"). On July 5, 2009, the New York Bankruptcy Court issued an order ("Sale Order and Injunction") approving the sale ("363 Sale") of substantially all of Old GM's assets to the predecessor of New GM. The sale of assets was free and clear of all liens, claims, and encumbrances, except for certain limited exceptions. *See* Sale Order and Injunction, attached as Exhibit C ¶ 7. The 363 Sale was consummated on July 10, 2009. Ultimately, New GM acquired certain Old GM assets and assumed certain limited liabilities, as described in the Sale Order and Injunction and Amended and Restated Master Sale and Purchase Agreement ("Sale Agreement").

19. Under the terms of the Sale Order and Injunction, and the Sale Agreement that it approved, all liabilities relating to vehicles and parts sold by Old GM (subject to limited exceptions not applicable here) were legacy liabilities retained by Old GM. *See* Exhibit C ¶¶ 44-45; *see also In re Gen. Motors Corp.*, 407 B.R. 463, 481 (Bankr. S.D.N.Y. 2009), *aff'd sub nom., In re Motors Liquidation Co.*, 428 B.R. 43 (S.D.N.Y. 2010), and 430 B.R. 65 (S.D.N.Y. 2010).[1]

---

[1] New GM's obligations under the Sale Order and Injunction have been the subject of ongoing proceedings in the New York Bankruptcy Court, the U.S. District Court for the Southern District of New York ("New York District Court"), the United States Second Circuit Court of Appeals, and the United States Supreme Court. *See In re Motors Liquidation Co.*, 829 F.3d 135 (2d Cir. 2016); Judgment entered by the New York Bankruptcy Court, dated June 1, 2015 (Bankr. Dkt. No. 13177) ("June 2015 Judgment"), *In re Motors Liquidation Co.*, 541 B.R. 104 (Bankr. S.D.N.Y 2015), and Judgment entered by the New York Bankruptcy Court, dated December 4, 2015 (Bankr. Dkt. No. 13563) ("December 2015 Judgment"). The New York Bankruptcy Court's June 2015 Judgment was affirmed in

7

The Bankruptcy Court's Sale Order and Injunction explicitly provides that New GM would have no responsibility for any liabilities (except for Assumed Liabilities[2]) relating to the operation of Old GM's business, or the production of vehicles and parts before July 10, 2009.  *See* Exhibit C ¶¶ 46, 9 & 8.  This limitation includes, in particular, "all Product Liabilities arising in whole or in part from any accidents, incidents or other occurrences that happen prior to the Closing Date [July 10, 2009]."  Sale Agreement § 2.3(b)(ix).  Pursuant to the Sale Order and Injunction and the Sale Agreement and other rulings by the New York Bankruptcy Court, New GM is also not liable for the other claims and/or causes of action asserted in the Complaint.  The Complaint's allegations and requests for damages also violate rulings by the New York Bankruptcy Court.  The Order also enjoins "[a]ll persons and entities . . . holding claims against [Old GM] or the Purchased Assets arising under or out of, in connection with, or in any way relating to [Old GM], the Purchased Assets, the operation of the Purchased Assets prior to the Closing [July 10, 2009]. . . from asserting [such claims] against [New GM] . . ."  *See* Exhibit C ¶ 8.  This injunction expressly applies to rights or claims "based on any successor or transferee liability."  *Id.* ¶ 46.

20. The New York Bankruptcy Court reserved exclusive and continuing jurisdiction to enforce the injunction set forth in the Sale Order and Injunction and to address and resolve all controversies concerning the interpretation and enforcement of the Sale Order and Injunction.  *Id.* ¶ 71. Old GM's bankruptcy case is still pending in the New York Bankruptcy Court and that

---

part, reversed in part, and remanded in part by the Second Circuit.  There are ongoing proceedings in the New York Bankruptcy Court related to a series of issues arising from the Second Circuit opinion.  *See Order To Show Cause Regarding Certain Issues Arising From Lawsuits With Claims Asserted Against General Motors LLC ("New GM") That Involve Vehicles Manufactured By General Motors Corporation ("Old GM")*, entered by the New York Bankruptcy Court on December 13, 2016 (Bankr. Dkt. No. 13802).  A portion of the New York Bankruptcy Court's December 2015 Judgment is currently on appeal to the New York District Court.  It is undisputed that the New York Bankruptcy Court retains jurisdiction to interpret and enforce the Sale Order and Injunction and its other rulings.

[2] New GM admits it assumed a limited set of liabilities, but such liabilities are not applicable to this Action.

Court has previously exercised its exclusive and continuing jurisdiction to enforce the Sale Order and Injunction to actions filed against New GM, including cases based on alleged defects in Old GM vehicles. *See Trusky v. Gen. Motors Co. (In re Motors Liquidation Co.)*, Adv. No. 12-09803, 2013 Bankr. LEXIS 620 (Bankr. S.D.N.Y. Feb. 19, 2013); *Castillo v. Gen. Motors Co.(In re Motors Liquidation Co.)*, Adv. No. 09-00509, 2012 Bankr. LEXIS 1688 (Bankr. S.D.N.Y. Apr. 17, 2012), *aff'd*, 500 B.R. 333 (S.D.N.Y. 2013); *see also In re Motors Liquidation Co.*, 2011 WL 6119664 (Bankr. S.D.N.Y. 2010).

21.    In addition, the Bankruptcy Court has ruled that it is the gatekeeper to review whether allegations, claims and requests for damages asserted in complaints get past the bankruptcy gate. As stated in a June 7, 2017 Written Decision ("June 7 Decision") issued by the New York Bankruptcy Court:[3]

> "The Court's role, then, is a 'gatekeeper' role. It should be the court to decide what claims and allegations should get through the 'gate,' under the Sale Order" and this Court's prior decisions. [*In re Motors Liquidation Co.*, 541 B.R. 104, 112 (Bankr. S.D.N.Y. 2015)] (noting that the Court will "minimize" its involvement in "nonbankruptcy law"). If a complaint violates an enforceable provision of the Sale Order, it may not proceed as currently drafted. If it does not violate the Sale Order, the complaint "passes through the gate" for the appropriate nonbankruptcy court to decide whether it is actionable.

June 7 Decision, 2017 WL 2457881, at *3. It is for the New York Bankruptcy Court to determine if Plaintiff has properly made allegations, asserted claims and is appropriately seeking damages against GM LLC. Plaintiff's Complaint in this case violates various Bankruptcy Court rulings, including without limitation allegations related to exemplary or punitive damages (see par. 23 below), and it is for the Bankruptcy Court to determine if some or all allegations, claims, and/or requests for damages against New GM can properly proceed through the bankruptcy gate.

---

[3] The June 7 Decision is published at *In re Motors Liquidation Co.*, Case No. 09-50026 (MG), 2017 WL 2457881 (Bankr. S.D.N.Y. June 7, 2017).

22. Under 28 U.S.C. §§ 157(b) and 1334(b), the New York Bankruptcy Court had core jurisdiction to approve the 363 Sale and enter the Sale Order and Injunction. Thus, the determination of this action, which involves the resolution of disputes concerning the Sale Agreement and the Sale Order and Injunction, and the Bankruptcy Code necessarily invokes the jurisdiction of the New York Bankruptcy Court. *See In re Hereford Biofuels, L.P.,* 466 B.R. 841, 844 (Bankr. N.D. Tex. 2012) (post-confirmation dispute regarding interpretation and enforcement of a sale transaction approved by the Bankruptcy Court was a core proceeding); *Luan Investment S.E. v. Franklin 145 Corp.*, 304 F.3d 223, 229-30 (2d Cir. 2002) (disputes concerning sale transaction approved by the Bankruptcy Court fall within "core" jurisdiction); *In re Eveleth Mines*, *LLC*, 312 B.R. 634, 644-45 and n.14 (Bankr. D. Minn. 2004) ("A purchaser that relies on the terms of a bankruptcy court's order, and whose title and rights are given life by that order, should have a forum in the issuing court.").

23. Plaintiff's claims in this Action relate to a vehicle manufactured by Old GM, and punitive damages are being sought from New GM based in whole or in part on the conduct of Old GM.  New GM, however, did ***not*** assume claims for Product Liabilities arising from accidents that occurred prior to the closing of the Sale, or for punitive damages based on the conduct of Old GM.  *See* Sale Agreement, § 2.3(b)(ix); December 2015 Judgment, ¶ 36 ("All claims brought by Pre-Closing Accident Plaintiffs (like the *Coleman* action in the Eastern District of Louisiana) seeking to hold New GM liable, under any theory of liability, for accidents or incidents that first occurred prior to the closing of the 363 Sale are barred and enjoined pursuant to the Sale Order, April Decision, and June Judgment.  The Pre-Closing Accident Plaintiffs shall not assert or maintain such claims against New GM."); December 2015 Judgment, ¶ 6 ("New GM did not contractually assume liability for punitive damages from Old

GM.  Nor is New GM liable for punitive damages based on Old GM conduct under any other theories, such as by operation of law.  Therefore, punitive damages may not be premised on Old GM knowledge or conduct, or anything else that took place at Old GM."); July 12, 2017 Bankruptcy Court Memorandum Opinion And Order Deciding Certain 2016 Threshold Issues, p. 24 ("…Post-Closing Accident Plaintiffs may not assert claims against New GM for punitive damages based on the conduct of Old GM.").  Other allegations and claims also violate the Sale Order and Injunction and other Bankruptcy Court rulings.  The New York Bankruptcy Court has exercised jurisdiction with respect to lawsuits where plaintiffs, like Plaintiff herein, are making allegations, asserting claims and/or seeking punitive damages against New GM in violation of the Sale Order and Injunction, and Sale Agreement, and the other rulings of the New York Bankruptcy Court.

24. Because Plaintiff's claims in this Action are based on a vehicle and parts manufactured by Old GM and a motor vehicle accident predating the closing of the 363 Sale, and Plaintiff seeks punitive damages, the Complaint necessarily requires judicial construction and/or interpretation of the Sale Order and Injunction.  The Complaint, therefore, is subject to the Sale Order and Injunction.

25. As such, the Action implicates the New York Bankruptcy Court's core, related to and exclusive jurisdiction, and is therefore removable to this Court under 28 U.S.C. §§ 1452(a) and Bankruptcy Rule 9027.

**REMOVAL IS TIMELY**

26. This Notice of Removal is timely because it is being filed within 30 days after New GM was served with the Summons and Complaint.  28 U.S.C. § 1446(b).  Plaintiff filed suit

11

on June 28, 2017, and New GM was served with the Summons and Complaint on June 30, 2017. *See* Exhibit D.

## VENUE

27.     The United States District Court for the Western District of North Carolina is the United States district and division embracing the Avery County, North Carolina General Court of Justice, where this action was filed and is pending. *See* 28 U.S.C. § 113(c). Therefore, venue of this removed action is proper in this Court.

## CONSENT

28.     New GM is the only defendant named in the underlying suit. Consent is therefore not necessary to remove this Action.

## NOTICE TO THE STATE COURT

29.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all adverse parties and filed with the Avery County, North Carolina General Court of Justice, where this case was originally filed.

## STATE COURT FILINGS

30.     New GM files herewith as Exhibit D copies of all process served upon it in this Action as a part of this Notice, such being the Summons and Complaint.

WHEREFORE, General Motors LLC respectfully requests that this Action in the Avery County, North Carolina General Court of Justice, be removed to this Court, and that no further proceedings be had in the North Carolina state court.

Dated: July 31, 2017                      Respectfully Submitted,

                                          By: /s/ Alex J. Hagan
                                          Alex J. Hagan, Esq. (NC State Bar No. 19037)
                                          James M. Weiss, Esq. (N.C. State Bar No. 42386)
                                          Ellis & Winters LLP
                                          Post Office Box 33550
                                          Raleigh, NC  27636
                                          Telephone:  (919) 865-7000
                                          Facsimile:   (919) 865-7010
                                          Email: alex.hagan@elliswinters.com
                                          Email: jamie.weiss@elliswinters.com
                                          Email:

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.  I have also served on counsel for Plaintiff by depositing a copy thereof in the United States mail, postage prepaid, first class, addressed as follows:

Michael David Bland
Weaver, Bennett & Bland, P.A.
196 North Trade Street
P.O. Box 2570
Matthews, NC 28106

Forrest A. Ferrell
Andrew J. Howell
Sigmon, Clark, Mackie, Hanvey & Ferrell, P.A.
P.O. Drawer 1470
Hickory, NC 28601


Dated:  July 31, 2017                        Respectfully submitted,

                                                By: /s/ Alex J. Hagan
                                                Alex J. Hagan, Esq. (NC State Bar No. 19037)
                                                James M. Weiss, Esq. (N.C. State Bar No. 42386)
                                                Ellis & Winters LLP
                                                Post Office Box 33550
                                                Raleigh, NC  27636
                                                Telephone:  (919) 865-7000
                                                Facsimile:  (919) 865-7010
                                                Email: alex.hagan@elliswinters.com
                                                Email: jamie.weiss@elliswinters.com